UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------x
THE GEM GROUP, INC.            :
                               :
            Plaintiff,         :     Civil Action No.
                               :     00 CV 11217 (JLT)
     v.                        :
                               :
LOGOTEC, USA                   :
                               :
            Defendant.         :
-------------------------------x
```

### ANSWER

Defendant Logotec, USA, answers the Complaint as follow:

1. Answering ¶1 of the Complaint, Defendant is without knowledge and information to form a belief as the truth of the allegations contained therein.

2. Answering ¶2 of the Complaint, Defendant admits that it is a California corporation and denies the remaining allegations contained therein.

#### COUNT I

3. Answering ¶3 of the Complaint, Defendant admits that this action purports to arise under the Patent Laws of the U.S. and this Court has subject matter jurisdiction and Defendant denies the remaining allegations contained therein.

4. Answering ¶4 of the Complaint, Defendant is without knowledge and information to form a belief as the



truth of the allegations contained therein, but admits that a purported copy of the "Isaacson patent" is attached to the Complaint as Exhibit A.

5. Answering ¶5 of the Complaint, Defendant denies the allegations contained therein.

6. Answering ¶6 of the Complaint, Defendant denies the allegations contained therein.

7. Answering ¶7 of the Complaint, Defendant denies the allegations contained therein.

## COUNT II

8. Answering ¶8 of the Complaint, Defendant repeats its answers to ¶¶1-7 as if set forth herein verbatim.

9. Answering ¶9 of the Complaint, Defendant admits that this action purports to arise under Section 43(a) of the Lanham Act.

10. Answering ¶10 of the Complaint, Defendant is without knowledge and information to form a belief as the truth of the allegations contained therein.

11. Answering ¶11 of the Complaint, Defendant denies the allegations contained therein.

12. Answering ¶12 of the Complaint, Defendant denies the allegations contained therein.

13. Answering ¶13 of the Complaint, Defendant denies the allegations contained therein.

14. Answering ¶14 of the Complaint, Defendant denies the allegations contained therein.

15. Answering ¶15 of the Complaint, Defendant denies the allegations contained therein.

### COUNT III

16. Answering ¶16 of the Complaint, Defendant repeats its answers to ¶¶1-15 as if set forth herein verbatim.

17. Answering ¶17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering ¶18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering ¶19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering ¶20 of the Complaint, Defendant denies the allegations contained therein.

### COUNT IV

21. Answering ¶21 of the Complaint, Defendant repeats its answers to ¶¶1-20 as if set forth herein verbatim.

22. Answering ¶22 of the Complaint, Defendant denies the allegations contained therein.

23. Answering ¶23 of the Complaint, Defendant denies the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed for lack of personal jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed for improper venue.

### FOURTH AFFIRMATIVE DEFENSE

Defendant has not infringed Plaintiff's patent in suit.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's patent in suit is invalid for failure to comply with one or more requirements of Title 35 of the United States Code.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

a. That the Complaint be dismissed in its entirety.

b. That Plaintiff takes nothing by reason of its Complaint in this matter.

c. That Plaintiff's prayer for relief be denied in its entirety by the Court.

d. That the patent in suit has not been infringed by Defendant.

e. That Defendant be awarded costs, expenses and disbursements in this action, including reasonable attorney's fees.

f. That Defendant be awarded such other and further relief as this Court may deem just and proper.

Dated:   September 12, 2000          Respectfully submitted,

                                     _____
                                     GARY W. SMITH (BBO #550352)
                                     BURNS & LEVINSON LLP
                                     125 Summer Street
                                     Boston, MA  02110
                                     T: (617) 345-3000
                                     LOCAL COUNSEL FOR DEFENDANT

                                     OF COUNSEL:
                                     HOWARD C. MISKIN
                                     GLORIA TSUI-YIP
                                     STOLL MISKIN HOFFMAN & BADIE
                                     Empire State Building
                                     350 Fifth Avenue
                                     New York, NY 10118
                                     T: (212) 268-0900

                                     ATTORNEYS FOR DEFENDANT

00467008/5907.0

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 9/12/00